UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HAROLD BROWN,                                    **FIRST AMENDED COMPLAINT**

                                                                                      **15 cv 8358 (GHW)**
                                                                                      **ECF Case**

                Plaintiff,

      vs.

The CITY OF NEW YORK, POLICE OFFICERS
SHEILA RAMOS, CARLOS THOMAS,
JOHN DOE 1, and JOHN DOE 2,
in their individual and official capacities,                    **JURY TRIAL DEMANDED**

                Defendants.
------------------------------------------------------------x

Plaintiff Harold Brown, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This civil rights action arises from the First Amendment retaliation and unlawful search and seizure of Harold Brown ("Plaintiff") after he verbally challenged a group of NYPD officers who baselessly suspected him of criminal activity. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for First Amendment retaliation, illegal search and seizure, and failure to intervene, and a *Monell* claim against the City of New York for the same constitutional violations. Additionally, Plaintiff asserts analogous claims under New York Law against the individual defendants, and against the City of New York under the doctrine of *respondeat superior*. Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

**JURISDICTION**

2.   This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth Amendment to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.   Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

**VENUE**

4.   Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

**JURY DEMAND**

5.   Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.   Plaintiff Harold Brown is a United States citizen and a resident of Manhattan.

7.   The individually named defendants Police Officer Sheila Ramos (Shield # 24844) ("PO Ramos"), Police Officer Carlos Thomas (Shield #21295) ("PO Thomas"), Police Officer John Doe 1 ("PO Doe 1"), and Police Officer John Doe 2 ("PO Doe 2") (collectively, the "individual defendants") are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

8. On the date of the incident giving rise to this complaint, the individual defendants were assigned to the 32nd Precinct and/or Housing Bureau PSA 5.

9. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

10. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

11. Plaintiff served a Notice of Claim on the Comptroller of the City of New York within ninety days of the incident, being assigned Claim # 2015PI017596. At least 30 days have elapsed since the service of the Notice of Claim, and adjustment and payment has been neglected or refused.

12. The City of New York demanded a hearing pursuant to General Municipal Law § 50-h, which hearing was held on September 1, 2015.

13. This action has been commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

14. On the evening of April 3, 2015, Plaintiff left his apartment building at 2144 Madison Avenue in upper Manhattan, New York City, to meet up with some friends and go out to dinner with them.

15. Around 8 PM that evening, Plaintiff met up with his friends Joseph Goldsborough ("Mr. Goldsborough"), Tyrone Duncan ("Mr. Duncan"), and Tolan Baker ("Mr. Baker") outside his apartment building where Mr. Goldsborough's car, a Lexus (the "Lexus"), was parked.

16. Plaintiff got into the front passenger seat of the Lexus, while Mr. Baker sat in the back seat. As the two men spoke inside the Lexus, Mr. Goldsborough was standing outside the Lexus speaking with Mr. Duncan and smoking a Black & Mild (tobacco) cigar.

17. Plaintiff expected to depart for dinner in the Lexus after Mr. Goldsborough finished his cigar, but that expectation was disrupted by what happened next.

18. Soon after Mr. Goldsborough finished his cigar, a group of NYPD officers, including the individual defendants, approached the Lexus, baselessly suspecting that criminal activity was taking place among the men.

19. PO Thomas shined his flashlight at Plaintiff through the sunroof of the Lexus.

20. Plaintiff, feeling the light in his eyes, asked PO Thomas, firmly but respectfully, to please stop beaming the light at him, for he had done nothing wrong.

21. Because of this self-assertiveness and challenge to the officers' authority, the individual defendants decided to detain Plaintiff and look into his background.

22. PO Doe 1 then went to the passenger side of the Lexus and demanded Plaintiff's ID.

23. Plaintiff handed PO Doe 1 his US Postal Service work ID through the open sunroof of the Lexus.

4

24. PO Ramos instructed the officers to take Plaintiff out of the Lexus, saying in sum and substance, "You're not gonna talk to my partner [PO Thomas] like that. Take him out of the car."

25. PO Doe 2 then opened the front passenger side door of the Lexus, grabbed Plaintiff, and yanked him out of the Lexus, roughly pushing him to the front of the car.

26. PO Doe 2 patted down and frisked Plaintiff, and took Plaintiff's New York State ID to find out if Plaintiff had any warrants.

27. At that point, Plaintiff was surrounded by PO Thomas, PO Doe 2, and PO Ramos, who stayed within five feet of Plaintiff, watching him, guarding him, ensuring that he would stay put.

28. As Plaintiff stood at the front of the Lexus – surrounded and detained by PO Thomas, PO Doe 2, and PO Ramos – PO Thomas asked Plaintiff whether Plaintiff had a job or a criminal record, whether Plaintiff had been arrested before, as if going on a wild goose chase for suspicious or incriminating information.

29. Plaintiff said that there was absolutely no reason to be pulled out of the car, held, interrogated, and searched in this manner. In saying this, Plaintiff asserted his right to be left in peace in a reasonable, peaceful, non-threatening way.

30. Because of these additional statements by Plaintiff, the individual defendants further detained Plaintiff and decided to write him a summons.

31. Throughout the interaction with the individual defendants, Plaintiff had neither said nor done anything suspicious or incriminating.

32. Meanwhile, PO Ramos wrote a deliberately false and mendacious summons (the "Summons") against Plaintiff, charging him with disorderly conduct and ordering him to go to New York County Criminal Court at 346 Broadway in Manhattan.

33. The Summons (Number 4415123399) specifically charged Plaintiff with Penal Law 240.20(1), saying "Discon – violent + threatening behavior."

34. Before Plaintiff's court date, Plaintiff received a letter in the mail indicating that his case (which was assigned Docket Number 2015SN021238) had been dismissed and sealed on May 15, 2015.

35. The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious and mendacious behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

36. There is a systemic failure to identify, discipline, and supervise NYPD officers who fabricate charges, a failure so widespread, obvious, and tolerated as to constitute a custom and policy of Defendant City.

37. The NYPD's flaccid response to lying officers – particularly in the context of filing false charges – constitutes an irrational custom and policy that fosters a culture of mendacity in the NYPD.

38. Proportionate and appropriate discipline sends a message to NYPD officers that they are not above the law and are accountable to the people whom they serve. But when it comes to making false statements on court documents, NYPD officers almost never face discipline.

6

39. The Civilian Complaint Review Board ("CCRB") has no jurisdiction to investigate allegations of fabricated statements by NYPD officers in criminal court documents. Investigating, controlling, and punishing this type of wrongdoing is the responsibility of the NYPD.

40. The inadequacy of NYPD's supervision and discipline with respect to dishonesty in the filing of criminal charges is exacerbated by the pressure on police officers to meet arrest quotas, or "performance goals," which pressure officers to arrest people and file charges unlawfully, a pressure not tempered by adequate safeguards that ensure citizens are not wrongfully arrested and charged.

41. There is a gross deficiency in training NYPD officers on the First Amendment – the right of citizens to express themselves lawfully. Because of the poor training on freedom of expression, NYPD officers are unable to distinguish between protected speech and unprotected speech, between merely inconvenient forms of speech and illegal forms of speech, between lawful inquiries and unlawful threats.

42. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the First and Fourth Amendments to the United States Constitution;

    b. Severe emotional trauma, distress, degradation, and suffering.

## SECTION 1983 CLAIMS

### FIRST CLAIM

**Deprivation of Federal Civil Rights Under Section 1983**

43. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

44. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

45. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the First and Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

46. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the First and Fourth Amendment of the United States Constitution.

47. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Illegal Seizure Under Section 1983

45. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

46. By the actions described above, Defendants deprived Plaintiff of his federal civil rights, including his Fourth Amendment right to be secure in his person against unreasonable seizures.

47. As detailed above, the individual defendants intentionally stopped, questioned, and detained Plaintiff without reasonable suspicion, and without privilege or consent.

48. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### THIRD CLAIM

### Illegal Search Under Section 1983

49. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

50. By the actions described, the Defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from unlawful searches.

51. Without probable cause, a warrant, or consent, the individual defendants searched Plaintiff's person, where Plaintiff had a **reasonable** expectation **of** privacy.

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### FOURTH CLAIM

### First Amendment Retaliation Under Section 1983

53. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

54. By the actions described, the individual defendants retaliated against Plaintiff because he lawfully exercised his First Amendment right to free speech – detaining him and issuing him a false summons for daring to question and challenge the conduct of the individual defendants. In doing so, the individual defendants chilled Plaintiff's exercise of his right to free speech.

55. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Failure to Intervene Under Section 1983

56. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

57. Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

58. The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

59. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged .

## SIXTH CLAIM

### Municipal Liability Under Section 1983

60. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

61. By the actions described, the Defendant City deprived Plaintiff of his Fourth Amendment right to be free of false arrest and malicious prosecution through its failure to train, supervise, and discipline mendacious and malicious officers; through its fostering a culture of abuse and dishonesty among those who wield considerable power over the

lives of everyday citizens; and though its failure to train officers on the First Amendment rights of New Yorkers.

62. As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the other damages and injuries hereinbefore alleged.

## PENDENT STATE CLAIMS

## FIRST CLAIM

**Unreasonable Search and Seizure Under New York State Constitution Art. I § 12**

63. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

64. Article 1, Section 12, of the New York State Constitution declares the right to be free from unreasonable searches and seizures.

65. Without probable cause and without Plaintiff's consent, the individual defendants seized and searched his person, took his property, and initiated false charges against him.

66. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

**Negligent Hiring/Training/Retention of Employment Services Under N.Y. State Law
(Against Defendant City of New York)**

67. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

68. Defendant City owed a duty of care to Plaintiff to prevent the false arrest, malicious prosecution, and mental and emotional abuse sustained by Plaintiff.

69. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

70. Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants could potentially cause harm.

71. Defendant City's negligence in hiring, screening, training, disciplining and retaining the individual defendants proximately caused Plaintiff's injuries.

72. As a result of its negligent conduct, Defendant City has directly and proximately caused the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Respondeat Superior Under N.Y. State Law

73. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

74. Defendant City is the employer of the individual defendants.

75. Under the doctrine of *respondeat superior*, the Defendant City is responsible for the wrongdoing of its employees acting within the scope of their employment – in this case, the false imprisonment, malicious prosecution, and unreasonable search and seizure committed by the individual defendants against Plaintiff.

76. As a direct and proximate result of the acts of the individual defendants detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

a. An order awarding compensatory damages for Plaintiff Harold Brown in an amount to be determined at trial;

b. An order awarding punitive damages in an amount to be determined at trial;

c. A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

d. Such other and further relief as this Court may deem appropriate.


DATED:   April 13, 2016                     _____s/_____
         New York, New York                 CYRUS JOUBIN, ESQ.
                                            43 West 43rd Street, Suite 119
                                            New York, NY 10036
                                            (703) 851-2467
                                            joubinlaw@gmail.com
                                            Attorney for Harold Brown